(No. 5767.   October 22, 1931.)

NEIGHBORS OF WOODCRAFT, a Corporation, Appellant, v. CITY OF RUPERT, MINIDOKA COUNTY, IDAHO, a Municipal Corporation, Respondent.

[4 Pac. (2d) 360.]

Richards & Haga, for Appellant.

216

H. B. Redford and H. V. Creason, for Respondent.

GIVENS, J.—July, 1919, the City of Rupert by proper ordinance, by authority of chapter 12, Title 13, Rev. Codes, now C. S., chap. 170, issued its negotiable coupon bonds in the sum of $41,000, providing in the ordinance and bonds, due or maturity dates of said bonds as follows: Nos. 5–8, July 1, 1931; Nos. 9–12, July 1, 1932; Nos. 13–16, July 1, 1933; Nos. 17–20, July 1, 1934; No. 21, July 1, 1935.

May, 1930, the respondent city in accordance with the provisions of C. S., sec. 4115, gave due and proper notice of redemption of bonds numbered 1–21, and interest thereon, as of July 1, 1930.

The appellant herein is the *bona fide* purchaser, owner, and holder of 17 interest coupons detached from bonds 5–21 inclusive, aggregating $510, accruing since July 1, 1930.

It is contended by appellant that the city, having specified certain maturity dates in the bond ordinance and the bonds, less than twenty years from date of issue, has exercised the right of redemption provided for in the last sentence of C. S., sec. 4115, as of such dates, and may not now redeem the bonds sooner than the maturity dates so

specified in the bonds. The provisions of the statute are directly referred to in the ordinance and bonds, and hence are to be read into, and made part of the bonds, and become binding upon the purchasers thereof. (*In re Fidelity State Bank*, 35 Ida. 797, at 809, 31 A. L. R. 781, 209 Pac. 449, at 452.)

The cases cited by appellant from other jurisdictions in support of its contention, are not in point because of the difference in the statutes.

C. S., sec. 4115, provides that:

" . . . . each bond shall be made payable within 20 years from the date of its issuance . . . . Such bonds shall be redeemable at the pleasure of the municipal corporation at any time after the expiration of 10 years from the date of the issuance, and each bond must be redeemed in the order it is numbered."

It is apparent from this section that the legislature had in mind two things: That bonds could not run longer than twenty years, but might run for less time, whether less than ten years it is unnecessary to determine in this case; that whenever the time was fixed at twenty years or less, if the bonds ran for more than ten years, they were redeemable at any time after ten years, thus making a distinction between the ultimate maturity date of the bonds, and the time when they might be redeemed. All of the bonds in question herein were by their terms to run, and have, as a matter of fact run, for more than ten years. Under the first sentence of C. S., sec. 4115, the municipality was authorized to make the due date any time up to twenty years from the issuance of the bonds; under the last sentence of the section, the municipality is given the privilege of redeeming the bonds at any time after the expiration of ten years from issuance, in their numbered order.

Under appellant's theory, only when the bonds ran for the full twenty-year period could there be an earlier redemption, which would defeat the clearly expressed authority contained in the last sentence of the section in question. The statute does not require that the intention to redeem sooner than the expressed life of the bond be declared when

the bonds are issued, and in fact the wording is directly contrary to such contention, providing that such redemption may take place at the pleasure of the municipality, "at any time after 10 years."

Judgment is affirmed; costs awarded to respondent.

Lee, C. J., and Budge, Varian and McNaughton, JJ., concur.